[Cite as *Wargo v. Dept. of Transp.*, 2011-Ohio-6893.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRITTANY R. WARGO

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-05394-AD

Acting Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Brittany Wargo, filed this action against defendant, Ohio Department of Transportation (ODOT), contending her vehicle was damaged as a proximate result of negligence on the part of ODOT in maintaining a hazardous condition on State Route 7. Plaintiff described her damage incident occurred in the following manner, "I was driving south bound on State Route 7 when I struck something in the middle of the road. The officer at the scene observed a large (boulder) underneath my vehicle." Plaintiff's damage event occurred on February 25, 2011, at approximately 10:55 p.m. In her complaint, plaintiff requested damages in the amount of $2,400.00, for replacement parts and related expense associated with having her car repaired. The $25.00 filing fee was paid.

{¶2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the damage-causing debris condition prior to plaintiff's incident. Defendant located the debris near milepost 5.50 on SR 7 in Jefferson County and advised ODOT did not receive any calls or complaints for debris at that location. Defendant pointed out the particular "section of roadway has an average daily traffic

count between 11,260 and 17,210 vehicles." Defendant asserted plaintiff failed to establish the length of time the debris existed on the roadway prior to her property-damage event. Defendant suggested, "that the rock was in that location for only a short amount of time before the incident."

{¶3} Defendant contended plaintiff failed to establish the damage-causing debris condition was attributable to any conduct on the part of ODOT. Defendant did submit a six-month maintenance history of the specific roadway area in question which recorded eight maintenance operations were performed in the southbound direction of SR 7 during the time frame covered. According to the submitted maintenance history, the last time ODOT personnel were working in the area was on February 16, 2011, when employees were performing channel cleaning. Defendant concluded that, if "ODOT personnel had detected any defects or possible rock slides, they would have been promptly scheduled for repair." Defendant argued plaintiff failed to produce evidence to show her property damage was proximately caused by negligent maintenance on the part of ODOT.

{¶4} Plaintiff did not file a response.

{¶5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶6} Defendant has the duty to maintain its highways in a reasonably safe

condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶7}   In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶8}   Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that defendant knew about the particular debris condition prior to 10:55 p.m. on February 25, 2011.

{¶9}   Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either:  1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff as not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition or evidence to establish negligent maintenance.

{¶10}   "[C]onstructive notice is that which the law regards as sufficient to give

notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the fact of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶11} Plaintiff has not produced any evidence to indicate the length of time that the boulder was present on the roadway prior to the incident forming the basis of this claim. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the debris on the roadway.

{¶12} Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition or conditions. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

{¶13} Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to plaintiff, or that plaintiff's injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object at the time of the damage incident was connected to any conduct under the control of defendant or any negligence on the part of defendant proximately caused the damage. *Herman v. Ohio Dept. of Transp.* (2006), 2006-05730-AD; *Husak v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2008-03963-AD, 2008-Ohio-5179.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

BRITTANY R. WARGO

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2011-05394-AD

Acting Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Acting Clerk

Entry cc:

Brittany R. Wargo
59 Findley Street
Dillonvale, Ohio  43017

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

8/1
Filed 8/10/11
Sent to S.C. reporter 1/3/12